IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL MOLINA, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 21-cv-00038 |
| | : | |
| v. | : | Judge Matthew W. Brann/ |
| | : | Chief MJ Karoline Mehalchick |
| KEVIN KAUFFMAN, et al., | : | |
| | : | |
| Defendants. | : | Filed via Electronic Case Filing |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION

### Background

Plaintiffs, Miguel Molina, Alexis Maldanado, Vann L. Bailey, Jason Cisne and Angel Irizarry, representative members of a proposed class of inmates, are currently incarcerated at the State Correctional Institution ("SCI") at Huntingdon. On December 30, 2020, Plaintiffs initiated a *pro se* civil rights action pursuant to 42 U.S.C. §1983, alleging Eighth Amendment violations. *See Document No. 1*. Subsequently, on March 21, 2021, Plaintiffs, through counsel, filed an amended complaint, naming Kevin Kauffman, Jill Spyker, Scott Walters, G. Ralston, John Wetzel, Tabb Bickell, Erin Brown and William Nicklow, as Defendants. *See Document No. 35*.

Next, on March 29, 2021, Plaintiffs filed a "Motion for Certification of Class and Appointment of Counsel," seeking to certify a class to encompass "all persons

who are or were incarcerated at SCI Huntingdon on or after December 30, 2018." *See Document No. 43, 44.* Plaintiffs aver that "[a]ll members of the class sustained injury" and are subject to the same conditions, which were exacerbated by the COVID-19 pandemic, at SCI-Huntingdon—namely the "deteriorated physical plant and habitual insubordinate conduct of the staff." *See Document No. 44.*

As such, Plaintiffs argue that all members of the class "have equal need of immediate injunctive relief." On the other hand, Plaintiffs also state that "[s]ome" class members do not require injunctive relief, as they are no longer housed at SCI-Huntingdon, and instead have a "common interest in compensation through damages." Further, Plaintiffs aver that "[i]ndividuals may differ, but only as to whether they are confirmed to have Covid-19 and how sick it has made them." *See Document No. 44.*

On June 8, 2021, Chief Magistrate Judge Mehalchick issued a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiffs' Motion to Certify the Class and Motion to Appoint Class Counsel. *See Document No. 67.* Specifically, the Magistrate cited Plaintiffs' failure to articulate how the alleged conditions at SCI-Huntingdon caused injury. Assuming, *arguendo*, that the alleged conditions and conduct by staff did cause injury, the Magistrate opined that "the range of injuries suffered by all inmates housed at SCI-Huntingdon since December 30, 2018 is too varied to satisfy Rule 23(a)(2)." *See Document No. 67.*

2

On June 17, 2021, Plaintiffs filed objections to the R&R. First, Plaintiffs object to the Magistrate's finding that "plaintiffs fall short on the 'commonality' requirement of Fed. R. Civ. P. 23(a)(2)." Secondly, Plaintiffs argue that the R&R "sets too high a bar when it faults plaintiffs for failing to 'articulate how these [prison] conditions have led to injury' in specific instances." *See Document No. 71*.

In furtherance of these objections, Plaintiffs argue that all inmates encompassed within the proposed class have been injured in the same way: "lengthy incarceration under conditions that, taken as a whole, constitute cruel and unusual punishment." Plaintiffs further aver that the specific injury is the conditions of confinement that include the deteriorating state of the facility, insubordinate staff, double celling, lack of ventilation, antiquated electrical wiring, and poorly maintained toilets and sinks. It is alleged that these conditions have been intensified by the pandemic. *See Document No. 71*.

Plaintiffs admit that "[t]here may well be a 'range' of different injuries to members of the proposed class, as the R&R anticipates, and they 'would range in type, allegedly arising from a wide array of facility conditions." However, Plaintiffs assert "that is beside the point." *See Document No. 71*.

Further, Plaintiffs argue that the R&R should not be adopted due to the "present procedural posture" of the case. Specifically, Plaintiffs expressed the need to file a second amended complaint to supplement their claims, citing to a "new

3

spike" of positive COVID cases at SCI-Huntingdon on June 16, 2021.[1] *See Document No. 71.*

## Argument

**The Court should adopt the Magistrate's Report and Recommendation.**

Pursuant to Rule 23(a), every putative class must satisfy the following requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a); *Sullivan v. DB Investments, Inc.,* 667 F.3d 273, 296 (3d Cir. 2011)*; Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 613 (1997); *In re Comm. Bank of N. Va.,* 622 F.3d 275, 291 (3d Cir. 2010), *quoting In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768, 799 (3d Cir. 1995) ("Rule 23 is designed to assure that courts will

---

[1] Plaintiffs filed a Second Amended Complaint on June 21, 2021, in which they claim that 60 inmates on A Block tested positive for COVID on or about June 15, 2021. *See Document No. 72.* Defendants respectfully request that the Court take judicial notice of the publicly available information on the DOC's website (cor.pa.gov), specifically the COVID-19 Dashboard. *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) (the Court may take judicial notice of information that is publicly available on a governmental website). As of the date of the filing of this brief, SCI-Huntingdon last reported 1 positive case on June 17, 2021. One other case was previously reported on June 9, 2021. Prior to June 2021, the last reported case was on March 15, 2021—1 positive case was reported at that time.

4

identify the common interests of class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately protect class interests.").

As the Magistrate correctly determined in the R&R, even assuming the alleged conditions led to injury, the "range of injuries suffered by all inmates housed at SCI-Huntingdon since December 30, 2018 is too varied to satisfy Rule 23(a)(2)." The alleged injuries "range in type, allegedly arising from a wide array of facility conditions as well as employee insubordination." *See* Document No. 67; *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

Presently, Plaintiffs argue that the injury sustained by the proposed class is "lengthy incarceration under conditions that, taken as a whole, constitute cruel and unusual punishment." Namely, Plaintiffs cite to conditions including the deteriorating state of the facility, insubordinate staff, the double celling of inmates in cells intended for single occupancy, lack of ventilation, antiquated electrical wiring, and deficiencies with the bathroom facilities.

As a preliminary matter, not all inmates in the proposed class are subject to a "lengthy" term of incarceration. The range of sentences for inmates serving a sentence in a state correctional institution range from a minimum of one year (with a maximum sentence of two years), up to a life sentence.[2]

---

[2] *See* 42 Pa.C.S. § 9762(a)(2).

5

More importantly, with respect to Plaintiffs' argument concerning the conditions of confinement "taken as a whole," it is submitted that not all proposed class members are subject to the same conditions, or combination thereof. In an unsuccessful attempt to distinguish this case from *Mielo*, Plaintiffs baldly assert that "the injury does not arise piecemeal from a menu of transgressions." *See Document No. 71*. However, the allegations contained within the amended complaint directly contradict this assertion. Each inmate could potentially be subjected to one, all, or none of the alleged conditions; thus, the "wide variety of potential" violations "captured in the broad class definition…does not lend itself" to classwide resolution. *See Mielo,* 897 F.3d at 490.

Further, Plaintiffs concede that "[a] condition such as poor ventilation or double-celling cannot be deemed unconstitutional *per se*" and may only be deemed unconstitutional when imposed along with "a complex of other harmful conditions." *See Document No. 71.* It is respectfully submitted that Plaintiffs' general statements regarding the conditions at SCI-Huntingdon, fall well short of demonstrating that all proposed class members are subject to such a "complex" of conditions.

Although Plaintiffs admit that "[t]here may well be a 'range' of different injuries to members of the proposed class, as the R&R anticipates, and they 'would range in type, allegedly arising from a wide array of facility conditions,'" they

6

inexplicably contend "that is beside the point." *See Document No. 71.* Defendants submit that the potential range of injuries that may result from the alleged panoply of injurious conditions, is problematic and fails to lend itself to classwide resolution—respectfully, this is precisely the point the Court must consider when determining whether to certify the class.

For instance, Plaintiffs' generalized allegations regarding the insubordinate conduct of unidentified staff members, are unsupported and undeveloped in the amended complaint. As such, it is unclear which members of the proposed class may have been impacted by such conduct.

Along these lines, although all alleged injuries may have occurred in the same place (SCI-Huntingdon, generally), not all inmates in the proposed class have been impacted by the actions of the same Defendants. *See Mielo, Dukes, supra.* Not all proposed class members are or were housed on the block where Defendant Ralston is assigned as the unit manager. Likewise, not all inmates in the proposed class were transferred to or from SCI-Huntingdon during the pandemic, and as such, were not subjected to the allegedly unsafe conditions on the transfer buses, which are attributed to Defendants Brown, Nicklow and Bickell.

Next, not all inmates at SCI-Huntingdon are double-celled. In fact, it is uncontested that all but one of the representative Plaintiffs in this action were

housed in a single cell at the time of the filing of the amended complaint. *See Document No. 51, Exhibit C.*

Furthermore, it is evident that the inmates that were transferred out of SCI-Huntingdon prior to March 2020, could not possibly have been "injured in the same way," as those inmates that remained at SCI-Huntingdon for the duration of the pandemic. Plaintiffs claim the "situation at SCI Huntingdon is unique" and the pandemic has not impacted other institutions in the same manner. Thus, Plaintiffs contend that the "[i]ndividuals may differ, but only as to whether they are confirmed to have Covid-19 and how sick it has made them." *See Document No. 44.*

Plaintiffs' logic is flawed. As the Magistrate aptly indicated in the R&R, "[s]ome members of the proposed class suffered from COVID-19 and some did not." *See Document No. 67.* Moreover, it is apparent that those individuals who are no longer incarcerated at SCI-Huntingdon, are not in danger of contracting COVID at this "unique" institution. Conspicuously, Plaintiffs acknowledge that "some" proposed class members do not require injunctive relief, as they are no longer housed in this institution, in blatant contradiction of their position that all proposed class members have "equal" need of the requested relief. *See Document No. 44.* Thus, the claims set forth by these representatives are not "typical of the claims or

8

defenses" of the *entire* proposed class. *See Sullivan,* 667 F.3d at 296; Fed.R.Civ.P. 23(a).

Accordingly, it may not reasonably be said that all inmates housed in SCI-Huntingdon, both prior to and during the pandemic, have sustained the same injuries or have been subjected to the same unconstitutional conditions. While it is true that all inmates in the proposed class have asserted a claim under the Eighth Amendment, it does not stand to reason that they were all subjected to the same "complex" of conditions or suffered the same injury, as required to sustain a class action. *See Document No. 71; Dukes,* 564 U.S. at 350 (concerning the commonality requirement under Rule 23(a), Plaintiffs "must show that the class members suffered the 'same injury'—that their claims depend upon a 'common contention;'" however, "this does not mean merely that they have all suffered a violation of the same provision of law. The common contention must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").

## **Conclusion**

For the above reasons, it is respectfully requested that this Honorable Court adopt the R&R.

                                                 Respectfully submitted,

                                                 Office of General Counsel

By:   /s/ Kelly J. Hoke
        Kelly J. Hoke
        Assistant Counsel
        Attorney I.D. No. 202917
        Pennsylvania Department of Corrections
        Office of Chief Counsel
        1920 Technology Parkway
        Mechanicsburg, PA  17050
        (717) 728-7749
        Email: kelhoke@pa.gov

By:   /s/ Tara J. Wikhian
        Tara J. Wikhian
        Assistant Counsel
        Attorney I.D. No. 311116
        Pennsylvania Department of Corrections
        Office of Chief Counsel
        1920 Technology Parkway
        Mechanicsburg, PA  17050
        (717) 728-7763

Dated: June 28, 2021        Email:tawikhian@pa.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL MOLINA, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 21-cv-00038 |
| | : | |
| v. | : | Judge Matthew W. Brann/ |
| | : | Chief MJ Karoline Mehalchick |
| KEVIN KAUFFMAN, et al., | : | |
| | : | |
| Defendants. | : | Filed via Electronic Case Filing |

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing response has been filed electronically and is available for viewing and downloading from the ECF system by counsel for Plaintiffs, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); Local Rule 5.7.*

                                  /s/ Kelly J. Hoke
                                  Kelly J. Hoke
                                  Assistant Counsel
                                  Attorney I.D. No. 202917
                                  Pennsylvania Department of Corrections
                                  Office of Chief Counsel
                                  1920 Technology Parkway
                                  Mechanicsburg, PA  17050
                                  (717) 728-7749
Dated: June 28, 2021                 Email:kelhoke@pa.gov

Case 4:21-cv-00038-MWB-KM   Document 74   Filed 06/28/21   Page 12 of 12