UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL MOLINA, et al.,

           Plaintiffs,

    v.

K. KAUFFMAN, et al.,

           Defendants.

CIVIL ACTION NO. 4:21-CV-00038

(BRANN, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court are three motions to compel proper service of legal documents filed by Plaintiffs Miguel Molina, Angel Irizarry, and Alexis Maldanado. (Doc. 147; Doc. 159; Doc. 165). On January 8, 2021, *pro se*-prisoner Plaintiffs Vann L. Bailey, Jason Cisne,[1] Angel Irizarry, Alexis Maldanado, and Miguel Molina (collectively, the "Plaintiffs") initiated this civil rights action by filing a complaint against Defendants Kevin Kauffman, Superintendent of SCI-Huntingdon; Jill Spyker, Deputy Superintendent for Decentralized Services at SCI-Huntingdon; Scott Walters, former Deputy Superintendent for Centralized Services at SCI-Huntingdon; G. Ralston, Unit Manager of certain housing units (B and C Blocks) at SCI-Huntingdon; John E. Wetzel, Secretary of Corrections of the Commonwealth of Pennsylvania; Tabb Bickell, Executive Deputy Secretary for Institutional Operations for the Department of Corrections ("DOC"); and Erin Brown, Director of the Office of Population

---

[1] On February 16, 2022, Plaintiff Cisne filed a stipulation of voluntary dismissal with prejudice, informing the Court that matters between Defendants and Cisne have been adjusted, compromised, and settled. (Doc. 169). On February 24, 2022, the Court dismissed Cisne's action with prejudice as to Defendants. (Doc. 177). Therefore, Defendants' motion to dismiss Cisne's third amended complaint (Doc. 113), Cisne's motion for preliminary injunction (Doc. 124), and Cisne's motion for justice and fairness (Doc. 155) are **STRUCK AS MOOT**.

Management ("OPM") of the DOC (collectively, the "Defendants"). (Doc. 1). Plaintiffs seek the implementation of various measures to prevent the spread of COVID-19 and to address the movement and housing of inmates, the infrastructure of SCI-Huntingdon, and the sanitary conditions of the facility. (Doc. 101; Doc. 104; Doc. 106; Doc. 108).

For the reasons stated herein, Plaintiffs' motions will be DENIED (Doc. 147; Doc. 159; Doc. 165).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 30, 2020, Plaintiffs, as representative members of a proposed class of inmates incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntington"), initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants for constitutional violations caused by the deterioration of the SCI-Huntingdon facility and by employee misconduct. (Doc. 1). Plaintiffs, through counsel, filed an amended complaint on March 21, 2021, and a motion to certify the class and appoint class counsel on March 29, 2021. (Doc. 35; Doc. 43; Doc. 44). On September 28, 2021, the District Court adopted the undersigned's report and recommendation to deny Plaintiffs' motion for class certification and appointment of class counsel. (Doc. 67; Doc. 84). On October 1, 2021, the undersigned granted counsel for Plaintiffs' unopposed motion to withdraw as counsel. (Doc. 86; Doc. 88).

On October 19, 2021, the undersigned granted Plaintiffs leave to file individual amended complaints. (Doc. 91; Doc. 100). Plaintiffs filed third amended complaints on the following dates: Irizarry filed his complaint on November 12, 2021 (Doc. 101); Maldanado filed his complaint on November 16, 2021 (Doc. 104); Bailey filed his complaint on November 16, 2021 (Doc. 106); and Molina filed his complaint on November 22, 2021 (Doc. 108). Defendants filed the motion to dismiss Irizarry's complaint on November 23, 2021

(Doc. 111); the motion to dismiss Maldanado's complaint on November 29, 2021 (Doc. 115); the motion to dismiss Bailey's complaint on November 30, 2021 (Doc. 118); and the motion to dismiss Molina's complaint on December 2, 2021 (Doc. 120). On November 29, 2021, Maldanado filed his motion for preliminary injunction. (Doc. 117). On December 3, 2021, Molina filed his motion for preliminary injunction. (Doc. 122). On December 6, 2021, Irizarry filed his motion for preliminary injunction. (Doc. 125).

On January 18, 2022, Molina filed the "motion for justice and fairness," requesting the Court to direct Defendants to serve legal documents directly to SCI-Huntingdon. (Doc. 147). On January 28, 2022, Bailey filed his motion for preliminary injunction. (Doc. 153). Irizarry and Maldanado filed motions to compel proper service, requesting that the Court direct Defendants serve legal documents directly to SCI-Huntingdon, on February 2, 2022, and February 8, 2022, respectively. (Doc. 159; Doc. 165).

The motions to compel service of legal documents are fully briefed and ripe for disposition.

II. **DISCUSSION**

In the individual motions, Plaintiffs Molina, Irizarry, and Maldanado seek to compel Defendants to serve all correspondence intended for Plaintiffs directly to SCI-Huntingdon. (Doc. 148, at 1; Doc. 160, at 1; Doc. 166, at 1). Plaintiffs argue that counsel for Defendants improperly mail legal documents to Smart Communications, located in St. Petersburg, Florida, "knowing" that this process is "extremely" prejudicial to Plaintiffs, hinders Plaintiffs from replying in a timely manner, and violates Federal Rule of Civil Procedure 5. (Doc. 148, at 1; Doc. 160, at 1-2; Doc. 166, at 1-2). In response, Defendants assert that communications between counsel for Defendants and Plaintiffs do not constitute privileged, "legal mail" as

- 3 -

defined by DOC policy DC-ADM 803, Inmate Mail and Incoming Publications ("2020 DC-ADM 803"), so any correspondence between the parties, including service of filings, must be sent through DOC's mail processing facility, Smart Communications. (Doc. 157, at 3; Doc. 161, at 3; Doc. 170, at 3). The Court takes judicial notice of DOC policy 2020 DC-ADM 803 as a matter of public record. *Leonhauser v. Long*, No. 11-241, 2012 WL 398642, at *3 n.2 (M.D. Pa. Jan. 4, 2012) (taking judicial notice of DOC policy).

2020 DC-ADM 803, effective August 10, 2020, divides incoming inmate mail into two categories: "privileged" and "non-privileged." *Turner v. Wetzel*, No. 4:18-CV-00361, 2021 WL 5225638, at *5 n.2 (M.D. Pa. Aug. 30, 2021); *see* https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last accessed Apr. 14, 2022). Incoming privileged correspondence is defined as: (1) mail from an inmate's attorney that was hand-delivered to a facility or identified with a control number, (2) mail from a court, and (3) mail from an elected or appointed federal, state, or local official who had sought and obtained a control number. The policy explicitly notes that "[n]ot all correspondence between an inmate and elected or appointed federal, state, or local official will require privileged correspondence processing. Control numbers will only be issued when the underlying matter involves matters related to a confidential investigation process or similar concerns." Privileged mail is sent to the prison where the inmate is housed, entered into a log, opened and inspected by the facility Security Officer for contraband in the presence of the inmate to whom it is addressed, and delivered to the inmate if no contraband or policy violations are discovered. However, all non-privileged mail must be sent to Smart Communications, which is an outside service located in St. Petersburg, Florida, which scans the mail and sends it electronically to staff at

the inmate's facility. The scanned copies are then electronically submitted to the appropriate facility, where they are printed and delivered to inmates.

According to DOC policy 2020 DC-ADM 803, correspondence between counsel for Defendants and Plaintiffs is not privileged. *See supra*. The correspondence, including service of filings, does not satisfy the policy's definition for "privileged" material because it is not: (1) mail from Plaintiffs' attorney that was hand-delivered to a facility or identified with a control number; (2) mail from a court; or (3) mail from an elected or appointed federal, state, or local official who had sought and obtained a control number. Further, Plaintiffs do not have an attorney-client relationship with counsel for Defendants in this matter. Therefore, communications between counsel for Defendants and Plaintiffs, including service of filings, fall within the category of "non-privileged correspondence." 2020 DC-ADM 803 mandates that such non-privileged correspondence must be addressed and sent to DOC's mail processing facility, Smart Communications, where the mail is opened, scanned, and electronically transmitted to prison facility staff. Therefore, counsel for Defendants has not violated 2020 DC-ADM 803.

Plaintiff Molina submits that Defendants' mailing practices violate the Court's Order, dated October 1, 2021, which directed Defendants to "serve papers to each of the plaintiffs individually, by mail, with proper identification codes as assigned by the Pennsylvania [DOC], to SCI-Huntingdon, 110 Pike Street, Huntingdon, PA 16654." (Doc. 88, at 1; Doc. 148, at 2). In response, Defendants state that they have complied with the October 1, 2021, Order, explaining that "counsel have reasonably interpreted the order to indicate that all filings must be served upon the individual Plaintiffs, as they are no longer represented by counsel – not that the filings must be sent directly to the institution." (Doc. 157, at 4).

Defendants also argue that, based upon a review of the public docket, Plaintiffs have not missed any filing deadlines or have otherwise been prejudiced by the alleged delay in the receipt of mail from Defendants. (Doc. 161, at 3-4; Doc. 170, at 3-4).

It appears that Plaintiff Molina is arguing that the October 1, 2021, Order directed counsel for Defendants to obtain a control number, which would make any correspondence between counsel for Defendants and Plaintiffs privileged, "legal mail" under 2020 DC-ADM 803. (Doc. 148, at 2). 2020 DC-ADM 803 defines a "control number" as "[a] number obtained through the [DOC]'s Office of Chief Counsel authorizing an attorney or court to use the [DOC]'s system designed to ensure facility security as well as essential, confidential attorney-client communications." *See supra.* In the October 1, 2021, Order, the Court granted a motion for leave to withdraw appearance filed by previous counsel for Plaintiffs. (Doc. 86; Doc. 88). Consequently, Plaintiffs were no longer represented by legal counsel, so the Court directed Defendants to serve papers to Plaintiffs individually by mail that included proper identification codes for each Plaintiff as assigned by DOC. (Doc. 88). Contrary to Plaintiff Molina's argument, the Court's mention of "identification codes" is in reference to Plaintiffs' individual inmate numbers, which are assigned by DOC upon entry into the Federal Bureau of Prisons. (Doc. 88, at 1). As discussed previously, correspondence between counsel for Defendants and Plaintiffs is not privileged mail and must be sent to DOC's mail processing facility, Smart Communication. 2020 DC-ADM 803 mandates that all non-privileged inmate correspondence must be addressed as follows:

> Smart Communications/PA DOC
> Inmate Name/Inmate Number
> Institution Name
> P.O. Box 33028
> St. Petersburg, FL 33733

*See supra.*

Here, counsel for Defendants has addressed each Plaintiff individually by their name and inmate number when sending correspondence to Smart Communications in accordance with 2020 DC-ADM 803. Therefore, Defendants have not violated the October 1, 2021, Order.

Accordingly, Plaintiffs' motions to compel service of filings directly to SCI-Huntingdon are DENIED. (Doc. 147; Doc. 159; Doc. 165).

### III.  CONCLUSION

Based on the foregoing, Plaintiffs' motions to compel proper service (Doc. 147; Doc. 159; Doc. 165) are **DENIED**.

An appropriate Order follows.

BY THE COURT:

Dated: April 14, 2022            *s/ Karoline Mehalchick*
                                            KAROLINE MEHALCHICK
                                            Chief United States Magistrate Judge